IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JMI, et al.,                                                    CIVIL NO.: 10-1604 (ADC/SCC)

        Plaintiffs,

           v.

Hospital Metropolitano de la Montaña, et al.

        Defendants.

**OPINION AND ORDER**

On September 29, 2011, this court, pursuant to a referral order from Chief Judge Delgado, Docket No. 72, entered an order setting an initial scheduling conference ("ISC") for yesterday, October 18, 2011. Docket No. 74. The scheduling order required the parties to submit, ten days prior to the ISC, a joint memorandum specifically addressing a number of pretrial issues. Id. As of yesterday, no joint memorandum had been received, and this court accordingly ordered that the parties show cause why sanctions should not be imposed for their failure to comply with the court's order. Docket No. 75.

The Plaintiffs, Docket No. 84, as well as the Defendant Dr. Nielsen J. Reyes-Cordero, Docket No. 80, admit to having not read the order, apparently having failed to notice that the docket entry contained an attachment. See Docket No. 74. Their failure, then, was an unintentional, if unfortunate, lapse. While greater diligence is to be expected from attorneys in this district, the Plaintiffs' and Dr. Reyes' candid admissions are appreciated.

The remaining parties, however, apparently did read this court's order but determined that

1

JMI v. Hospital Metropolitano de la Montaña
Civil No. 10-1604(ADC/SCC)
Opinion and Order
Page No. 2

they were excused from compliance on account of having filed a similar document a year ago. See

Docket Nos. 76-79. In September 2010, Chief Judge Delgado did order the parties to file a proposed

pretrial schedule, Docket No. 21, an order with which the parties complied. Docket Nos. 49-54. But

the joint case management memorandum filed in October 2010, See Docket No. 49, though it

includes information similar to that required by this court's recent order, did not in itself constitute

compliance—if it did, this court would not have ordered the additional memorandum. More

fundamentally, it is not the prerogative of the parties to a lawsuit to determine that a court's order

need not be complied with. If any of the parties believed the September 29 order to be redundant or

needless, the proper course was to move this court to amend it, not to ignore it. The fact that,

notwithstanding the parties' previous filings, this court found cause to ask for a new ISC

memorandum should have served as notice to the parties that the court was looking for something

different than what had previously been filed.

     A year has passed since the parties' last joint case management filing. Since that time, most

discovery has been conducted, but there appear to be disputes still pending. Additionally, other

circumstances of the case, such as the names of the expert witnesses that the parties intend to have

testify, might have changed. Indeed, determining whether and what has changed in the last year so

as to streamline the scheduling of this case was the point of the September 29 order—an order that

still must be complied with. Accordingly, an ISC is set for November 9, 2011 at 9:30 A.M. At least

ten days prior to the ISC, the parties shall file *a joint* ISC memorandum specifically addressing all

of the requirements laid out in the September 29 order. See Docket No.74.

2

JMI v. Hospital Metropolitano de la Montaña
Civil No. 10-1604(ADC/SCC)
Opinion and Order
Page No. 3

No sanctions shall be imposed.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 19th day of October, 2011.

S/SILVIA CARREÑO-COLL

UNITED STATES MAGISTRATE JUDGE

3